JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVER PEAKS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>CAREMORE HEALTH PLAN, *et al.*,<br><br>    Defendants. | Case No. 8:21-cv-1115-FLA (PDx)<br><br>**RULING (1) GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 22], (2) DENYING DEFENDANT CAREMORE'S MOTION TO DISMISS [DKT. 15], AND (3) DISCHARGING ORDER TO SHOW CAUSE [DKT. 21]** |

## **RULING**

Before the court are two motions: (1) Plaintiff Silver Peaks, LLC's ("Plaintiff" or "Silver Peaks") Motion to Remand (Dkt. 22) ("MTR"); and (2) Defendant CareMore Health Plan's ("Defendant" or "CareMore") Motion to Dismiss Plaintiff's Complaint (Dkt. 15) ("MTD"). CareMore opposes Plaintiff's Motion to Remand. Dkt. 25 ("Opp. to MTR"). Plaintiff opposes CareMore's Motion to Dismiss. Dkt. 24 ("Opp. to MTD"). On August 5, 2021, the court found these matters appropriate for resolution without oral argument and vacated the hearing set for August 13, 2021. Dkt. 29; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

1

On July 15, 2021, the court additionally ordered the parties to show cause ("OSC") in writing why the court has subject matter jurisdiction over this action. Dkt. 21. The parties filed timely responses on July 30, 2021. Dkts. 27, 28.

For the reasons stated herein, the court GRANTS Plaintiff's Motion to Remand and DENIES Defendant CareMore's Motion to Dismiss as moot. The OSC is DISCHARGED.

## BACKGROUND

Plaintiff filed this action on April 29, 2021 in Orange County Superior Court against Defendants CareMore, Country Villa Plaza Convalescent Center ("Healthcare Center"), Country Villa Plaza, a CA Ltd. Partnership ("Country Villa Plaza"), and Rockport Healthcare Support Services, LLC ("Rockport") (collectively, "Defendants"). *See* Dkt. 1-4 ("Compl."). Plaintiff is a home care organization that provides non-medical services, including supervisory "sitter services," to patients that reside in their home or live in an elderly care facility. Compl. ¶ 1.

Defendant CareMore is a "medical group health plan, care delivery system and insurer that works with a subscriber member's insurance plan to deliver needed care to subscribing members." *Id.* ¶ 2. Defendants Country Villa Plaza and Rockport allegedly are parent companies to Healthcare Center, operating in California. *Id.* ¶¶ 4-5, 19-20. Plaintiff seeks damages against Defendants for (1) fraud, (2) breach of contract, (3) breach of contract as third-party beneficiary, (4) breach of implied contract, (5) account stated, (6) quantum meruit, and (7) unjust enrichment.[1] Compl. ¶¶ 21-62.

Plaintiff alleges Country Villa Plaza and CareMore entered into a Letter of Agreement ("LOA") through which Plaintiff would provide sitter services for patient

---

[1] The Complaint asserts different causes of action in the body of the Complaint than in the caption on its first page. The court refers to the causes of action asserted in the body of the Complaint.

J.A. ("Patient"),[2] who was enrolled in a Medicare Advantage plan administered by CareMore.[3] Compl. ¶ 10; Opp. to MTR 1. According to Plaintiff, it rendered these sitter services for Patient in Healthcare Center's facility from January 24, 2020 to February 3, 2020. Compl. ¶ 14. Plaintiff states the LOA outlines the following business practice for payment between Country Villa Plaza and CareMore. MTR 4. First, Country Villa Plaza must bill CareMore for the services Patient received within sixty calendar days from the dates of service. *Id*. Next, CareMore issues a check for those services to either Country Villa Plaza or Rockport. *Id*. Finally, Country Villa Plaza or Rockport reimburses Plaintiff for its services. *Id*.

In February 2020, Plaintiff sent Country Villa Plaza an invoice for the sitter services it performed for Patient in the amount of $4,383. Compl. ¶ 15, Ex. 2. According to Plaintiff, it still has not received payment for the sitter services, despite sending an additional letter to Country Villa Plaza demanding payment. *Id*. ¶ 17. Plaintiff further alleges a representative from Country Villa Plaza stated Rockport had the funds and would be resolving the payment issue, but Rockport continues to refuse to release the funds to Plaintiff. *Id.* ¶¶ 19-20.

---

[2] Patient is identified by his initials for privacy purposes.

[3] Medicare Advantage allows individuals to receive Medicare benefits through private health-insurance plans instead of Medicare Parts A and B, the government's fee-for-service program. *See* 42 U.S.C. § 1395w–21. "To participate, insurers referred to as Medicare Advantage Organizations (MAOs) contract with the federal Centers for Medicare & Medicaid Services (CMS)." *Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 Fed. App'x 619, 620 (6th Cir. 2016) (citing 42 U.S.C. § 1395w–27; 42 C.F.R. § 422.503). As the Sixth Circuit has explained, "CMS makes monthly per-beneficiary payments to MAOs, which take on the prospective financial risk of serving Medicare beneficiaries. Generally speaking, MAOs have latitude to 'select the [health-care] providers from whom the benefits under the plan are provided.' To that end, MAOs often contract with physicians and hospitals. But to cover the full panoply of Medicare benefits, [Medicare Advantage] plans include services that are sometimes furnished by non-contract providers.'" *Id.* (citations omitted).

Defendant CareMore removed this action from state court on June 25, 2021, arguing removal is proper under the "federal officer" removal statute, 28 U.S.C. § 1442(a)(1), and that the court has federal question jurisdiction pursuant to 28 U.S.C. § 1441(c). Dkt. 1. On July 2, 2021, Defendant CareMore filed its Motion to Dismiss, arguing, inter alia, that Plaintiff's state law claims are preempted under the Medicare Act and that the court lacks subject matter jurisdiction because Plaintiff did not comply with the Medicare Act's exhaustion requirements. Dkt. 15. The court Ordered the parties to Show Cause why the court has subject matter jurisdiction in this matter on July 15, 2021. Dkt. 21. The next day, Plaintiff filed the instant Motion to Remand. Dkt. 22. The parties filed their responses to the court's OSC on July 30, 2021. Dkts. 27, 28.

## DISCUSSION

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

In ruling on a motion to remand, jurisdiction is generally determined from the face of the complaint. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). The court may remand the action sua sponte "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

Here, Defendant CareMore argues the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) (the federal officer removal statute) and 28 U.S.C. § 1331 (federal question jurisdiction). *See* Opp. to MTR.

## I. The Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1)

### A. Legal Standard

Under the federal officer removal statute, a civil action may be removed to federal court by "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office…." 28 U.S.C. § 1442(a)(1) ("§ 1442"). In the Ninth Circuit, federal officer removal is available to a defendant under § 1442(a) if: (1) the removing defendant is a "person" within the meaning of the statute; (2) there is a causal nexus between the removing party's actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (3) the removing party can assert a colorable federal defense. *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020).

The federal officer removal statute is an exception to the "well-pleaded complaint" rule, which requires a federal question to appear on the face of the complaint for jurisdiction to be proper, rather than raised as an anticipated or actual defense. *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999), *superseded by statute on other grounds as discussed in Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 258 (4th Cir. 2017). In other words, the statute allows removal of suits against federal officers and people acting under them so long as: (1) a "connection or association" exists between the act in question and the federal office; and (2) their defense depends on federal law. *Id.*

### B. Analysis

CareMore argues this case was properly removed to federal court because Patient was enrolled in a Medicare Advantage plan that CareMore administered, and "Medicare coverage determinations and reimbursements are predicated on a purely federal scheme involving federal Medicare Act statutes, its implementing regulations, and policy determinations from the Centers for Medicare and Medicaid Services ("CMS")…." Opp. to MTR 1 & n.1. Thus, according to CareMore, removal under the federal officer statute is appropriate for private entities like itself because it

administers Medicare benefits under the direction of the federal government. *Id.* 4-11. The court disagrees for two reasons.

First, Plaintiff submits evidence of a CMS document that acknowledges sitter services are not covered by Medicare. Dkt. 22-5 (MTR, Ex. 5). CareMore does not dispute that these services are not covered by Medicare. *See* Opp. to MTR 5-8. Thus, the Medicare Act and its implementing regulations are irrelevant here.

CareMore responds that whether the services are covered under Medicare is "wholly irrelevant" to the question of whether the court has subject matter jurisdiction. Opp. to MTR 7. To the contrary, if sitter services are not covered by Medicare pursuant to the LOA, CareMore cannot assert either: (1) a "causal nexus" between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; or (2) a "colorable federal defense." *See Stirling*, 955 F.3d at 800. CareMore, thus, fails to establish removal is appropriate.

Second, even if Medicare covered sitter services here, the court is not persuaded CareMore was "acting under" any federal officer or agency under Supreme Court precedent interpreting § 1442(a)(1).[4] CareMore quotes *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147, 152 (2007), to argue that a private entity is "acting under" a federal officer when it is involved in "an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior," and that the term "acting under" is broad and must be liberally construed. Opp. to MTR 5 (italics in *Watson*). The Supreme Court, however, also emphasized that "broad language is not limitless. And a liberal construction nonetheless can find limits in a text's language, context, history, and purposes." *Watson*, 551 U.S. at 147.

---

[4] As the court concludes Defendant does not meet its burden to show it was "acting under" a federal official or agency for purposes of the removal statute, it need not address the parties' arguments regarding the additional requirements of § 1442.

6

As *Watson* explained, the "basic purpose" of federal officer removal is to prevent interference with the federal government's operations caused, for example, by a state's prosecution of federal officers and agents acting within the scope of their authority. *Id*. at 150. It also serves to protect federal officers and agents from "local prejudice" against federal laws or officials, and to ensure "federal officials [access to] a federal forum in which to assert federal immunity defenses." *Id*.

Here, CareMore's interpretation of the federal officer removal statute stretches it too far from its original purpose. CareMore is not at a significant risk of state-court "prejudice" because it administers Medicare benefits. *See id.* at 152. A state-court lawsuit brought against CareMore is not likely to disable federal officials from taking necessary action to enforce federal law. *Id*. Nor is a state-court lawsuit in this action likely to deny a federal forum to an individual entitled to assert a federal claim of immunity. *Id*. Accordingly, neither the language, nor history, nor purpose of the removal statute leads the court to believe Congress intended to expand the scope of federal officer removal to entities such as CareMore. *See id.* at 147-53 (reviewing the history and purpose of the federal officer removal statute).

To be sure, a private contractor may "act under" a federal officer or agency when it "helps [federal] officers fulfill … basic governmental tasks" and "perform[s] a job that, in the absence of a contract with a private firm, the Government itself would have … to perform." *Id*. at 153. This requires a showing that the government formally delegated its legal authority to the private entity to act on its behalf. *Id*. at 156.

Although CareMore argues it performs government tasks by administering Medicare benefits under Medicare Advantage plans, it fails to submit any evidence showing Congress, CMS, or any other federal agency formally delegated legal authority to CareMore. *See id.* at 157 (noting that without evidence of formal <u>delegation</u>, the defendant was merely subject to government <u>regulation</u>, which is not sufficient for removal purposes). For example, CareMore does not submit evidence of

7

a contract between itself and the government or point to a statute or regulation that explicitly delegates legal authority from the government to CareMore. *See id.* (holding plaintiff failed to establish it was "acting under" a federal officer where there was "no evidence of any delegation of legal authority" from a government agency nor "evidence of any contract, any payment, any employer/employee relationship, or any principal/agent arrangement").

CareMore, thus, has failed to demonstrate by a preponderance of the evidence that it has anything more than an arms-length relationship with CMS, or that the control to which CareMore is subject is the type of close relationship necessary for a private contractor to "act under" a federal agency. *See Vaccarino v. Aetna, Inc.*, No. 5:18-cv-02349-JGB (SHKx), 2018 WL 6249707, at *6 (C.D. Cal. Nov. 29, 2018) (holding that "[b]ecause Removing Defendants have not explained the nature of CMS's control over coverage decisions or elaborated on the government's interest in such decisions, they fail to meet their burden of showing that their actions were 'taken pursuant to a federal officer's directions.'").

Accordingly, CareMore is not entitled to remove this action as a "person acting under" an officer of the United States.

## II. Federal Question Jurisdiction, 28 U.S.C. § 1331

### A. Legal Standard

Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "This rule makes a plaintiff the 'master of his complaint': He may generally avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).

As an exception to the well-pleaded complaint rule, the court has subject matter jurisdiction when a federal question is necessarily embedded in the state law claims asserted in a complaint. For a state law claim to provide federal question jurisdiction, the "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

**B.     Analysis**

CareMore argues the court has federal question jurisdiction because Plaintiff's state law claims depend upon an interpretation of a Medicare reimbursement mechanism. Opp. to MTR 12-13. Thus, according to CareMore, "Plaintiff's claims necessarily raise the issue of whether Defendant administered Plaintiff's claim in accordance with the Medicare Act." *Id.* at 12.

The court, however, finds Plaintiff's state law claims do not raise a substantial and disputed federal issue. Plaintiff does not seek reimbursement for services it claims were denied under the Medicare Act. *See Ardary v. Aetna Health Plans of Cal., Inc.*, 98 F.3d 496, 500 (9th Cir. 1996) (holding an action does not raise a federal issue under the Medicare Act when "at bottom [it is] not seeking to recover [Medicare] benefits"). Nor do Plaintiff's claims require interpretation of Medicare laws, as it is undisputed sitter services are not covered by Medicare. *See City of Oakland*, 969 F.3d at 906-07 (finding no federal jurisdiction under the "slim category" articulated in *Grable* where the claim "neither require[d] an interpretation of a federal statute nor challenge[d] a federal statute's constitutionality" (citation omitted)). Rather, Defendant raises the Medicare Act as a shield to liability. *See* Opp. to MTR

9-11 (arguing the Medicare Act provides CareMore with a "colorable defense" in this action). It is well-established that federal issues raised as a defense are not sufficient to support subject matter jurisdiction. *See Caterpillar*, 482 U.S. at 393 ("[A] case may *not* be removed to federal court on the basis of a federal defense, … even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (italics in original).

Because Plaintiff's state law claims do not raise a substantial federal issue, the court lacks subject matter jurisdiction. *See Grable*, 545 U.S. at 314. Thus, Plaintiff's Motion to Remand is GRANTED, and the OSC is DISCHARGED.

## CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand (Dkt. 22) and DISCHARGES the OSC (Dkt. 21). Defendant CareMore's Motion to Dismiss (Dkt. 15) is DENIED as moot.

IT IS SO ORDERED.

Dated: August 31, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge